## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Washington Cattlemen's Association;,<br>California Cattlemen's Association;<br>New Mexico Cattle Growers Association;<br>New Mexico Wool Growers, Inc.;<br>New Mexico Federal Lands Council;<br>Duarte Nursery, Inc.; Pierce Investment<br>Company; LPF Properties, LLC; Hawkes<br>Company, Inc.; Oregon Cattlemen's<br>Association; and Coalition of Arizona/New<br>Mexico Counties for Stable Economic<br>Growth, | Civil No. 15-3058 (DWF/LIB) |

Plaintiffs,

v.

**MEMORANDUM
OPINION AND ORDER**

United States Environmental Protection
Agency, Gina McCarthy, United States
Army Corps of Engineers, and Jo Ellen
Darcy,

Defendants.

## INTRODUCTION

Plaintiffs Washington Cattlemen's Association, California Cattlemen's

Association, New Mexico Cattle Growers Association, New Mexico Wool Growers, Inc.,

New Mexico Federal Lands Council, Duarte Nursery, Inc., Pierce Investment Company,

LPF Properties, LLC, Hawkes Company, Inc., Oregon Cattlemen's Association, and

Coalition of Arizona/New Mexico Counties for Stable Economic Growth (collectively,

"Plaintiffs") filed this lawsuit against Defendants United States Environmental Protection

Agency ("EPA"), Gina McCarthy, United States Army Corps of Engineers ("Corps"), and Jo Ellen Darcy (collectively, "Defendants") after the EPA and the Corps promulgated a final rule under the Clean Water Act, 33 U.S.C. § 1251, *et seq.*  Plaintiffs sued Defendant McCarthy in her official capacity as Administrator of the EPA, and they sued Defendant Darcy in her official capacity as Assistant Secretary of the Army, Civil Works. For the reasons stated below, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. No. 34.)

## BACKGROUND

The Clean Water Act prohibits release of any "pollutant" into "navigable waters" except as specifically allowed.  33 U.S.C. §§ 1311(a), 1362(12).  It defines "navigable waters" as "the waters of the United States, including the territorial seas."  *Id.* § 1362(7). On June 29, 2015, the EPA and the Corps published a final rule entitled "Clean Water Rule:  Definition of 'Waters of the United States'" ("Clean Water Rule"), and on August 28, 2015, the Clean Water Rule became effective.  80 Fed. Reg. 37,054 (June 29, 2015).

Plaintiffs seek review of the Clean Water Rule, alleging that the Rule, by changing the definition of "waters of the United States," impermissibly expands the regulatory jurisdiction of the EPA and the Corps.  (Doc. No. 15 ("Am. Compl.") ¶¶ 33, 35.) Specifically, Plaintiffs allege that the Clean Water Rule requires them "to seek federal permit approval (at significant cost) to use their property for its intended purpose."  (*Id.*

¶ 35.)  Defendants agree that the definition of "waters of the United States" affects

"where regulated parties must obtain permits to discharge pollutants."  (Doc. No. 36 at 2.)

The Clean Water Act grants jurisdiction to review certain actions by the

Administrator of the EPA to the federal courts of appeals.  33 U.S.C. § 1369(b)(1).  As

relevant to this case, the statute provides:

> Review of the Administrator's action . . .
>
> (E) in approving or promulgating any effluent limitation or other limitation under section 1311, 1312, 1316, or 1345 of this title, [or]
>
> (F) in issuing or denying any permit under section 1342 of this title . . .
>
> may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts business which is directly affected by such action upon application by such person.

*Id.* § 1369(b)(1)(E), (F).  When review under § 1369(b)(1) is available, "it is the

exclusive means of challenging actions covered by the statute."  *Decker v. Nw. Envtl.*

*Def. Ctr.*, 133 S. Ct. 1326, 1334 (2013) (citing 33 U.S.C. § 1369(b)(2)).

When multiple petitions for review are filed to challenge a single EPA action

under 33 U.S.C. § 1369(b)(1), such petitions are consolidated in one federal court of

appeals.  28 U.S.C. § 2112(a)(3); *see, e.g., Nat'l Pork Producers Council v. EPA*, 635

F.3d 738, 741, 747 (5th Cir. 2011); *Nat'l Cotton Council of Am. v. EPA*, 553 F.3d 927,

932 (6th Cir. 2009).  Specifically, § 2112(a)(3) provides that the Judicial Panel on

Multidistrict Litigation "shall, by means of random selection, designate one court of

appeals" in which review of the agency action "shall" be consolidated, and § 2112(a)(5)

3

provides that all other courts of appeals "shall" transfer petitions for review of the agency action to the designated circuit.  28 U.S.C. § 2112(a)(3), (5).

On July 15, 2015, Plaintiffs filed their complaint in this Court.  (Doc. No. 1.) Numerous other parties similarly sought review of the Clean Water Rule and filed petitions in federal district and circuit courts across the country.  *See In re Dep't of Def. & EPA Final Rule*, 817 F.3d 261, 263-64 (6th Cir. 2016).  Pursuant to 28 U.S.C. § 2112(a), the Judicial Panel on Multidistrict Litigation consolidated many of these petitions in a multi-circuit case in the Sixth Circuit.  *See id.*; *In re EPA & Dep't of Def. Final Rule*, 803 F.3d 804, 805 (6th Cir. 2015).  On October 26, 2015, Plaintiffs filed a petition for review of the Clean Water Rule in the Eighth Circuit, and the Eighth Circuit transferred that petition to the Sixth Circuit.  *See Wash. Cattlemen's Ass'n v. EPA*, No. 15-3419 (8th Cir.).

On February 22, 2016, a divided panel of the Sixth Circuit held that the Sixth Circuit has subject-matter jurisdiction over challenges to the Clean Water Rule.  *See In re Dep't of Def.*, 817 F.3d at 274-75 (McKeague, J., & Griffin, J., concurring).  In the lead opinion, Judge McKeague found that the Clean Water Rule falls within two subsections of 33 U.S.C. § 1369(b)(1), each rendering the Clean Water Rule subject to direct circuit court review.  *Id.* at 274.  First, Judge McKeague concluded that the Clean Water Rule is an "other limitation" under subsection (E), and second, he concluded that the Rule governs the issuance of permits and therefore falls within subsection (F).  *Id.* at 266-73. Judge Griffin concurred in judgment only, finding that Sixth Circuit precedent required

4

the court to conclude that it had jurisdiction under subsection (F). *Id.* at 275-83.  Judge

Keith dissented. *Id.* at 283-84.

## DISCUSSION

### I.      Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

Court's subject-matter jurisdiction.  To survive a motion under Rule 12(b)(1), the party

asserting jurisdiction has the burden of proving jurisdiction.  *V S Ltd. P'ship v. Dep't of*

*Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  "Subject-matter jurisdiction

is a threshold requirement which must be assured in every federal case."  *Kronholm v.*

*Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face or

on the factual truthfulness of its averments.  *Osborn v. United States*, 918 F.2d 724, 729

n.6 (8th Cir. 1990).  When a defendant brings a facial challenge, a court reviews the

pleadings alone, and the non-moving party receives the same protections as it would

defending against a motion brought pursuant to Rule 12(b)(6).  *Id.*  In a factual challenge

to jurisdiction, the court may consider matters outside the pleadings, and the non-moving

party does not benefit from the safeguards of Rule 12(b)(6).  *Id.*  Here, Defendants assert

a facial challenge.

## II.     The Sixth Circuit's Exclusive Jurisdiction

Defendants argue that the Sixth Circuit has exclusive jurisdiction over challenges to the Clean Water Rule—including this lawsuit—under 33 U.S.C. § 1369(b)(1) and 28 U.S.C. § 2112(a).  The Court agrees.

Defendants contend, among other things, that 33 U.S.C. § 1369(b)(1)(F) requires direct circuit court review of Plaintiffs' challenge.  Under subsection (F), an action by the EPA Administrator "in issuing or denying any permit under section 1342 of this title" is subject to circuit court review.  33 U.S.C. § 1369(b)(1)(F).  While the Clean Water Rule is a definitional rule—not an action literally issuing or denying a permit—courts have recognized that § 1369(b)(1)(F) should be interpreted broadly.  In *Crown Simpson Pulp Co. v. Costle*, 445 U.S. 193, 196-97 (1980), the Supreme Court held that an action of the EPA Administrator that is "functionally similar" to denial of a permit is encompassed within subsection (F).  Similarly, in *National Cotton Council v. EPA*, 553 F.3d at 933, the Sixth Circuit held that it had jurisdiction to review rules that regulate permitting procedures under the Clean Water Act.

Significantly, with respect to the Clean Water Rule, Judge McKeague and Judge Griffin agreed that, under *National Cotton*, the Sixth Circuit has jurisdiction under subsection (F).  *In re Dep't of Def.*, 817 F.3d at 270-73, 280-83.  Similarly, in *Murray Energy Corp. v. EPA*, Civ. No. 15-110, 2015 WL 5062506, at *6 (N.D.W. Va. Aug. 26, 2015), the court applied the "teachings" of *Crown Simpson* and *National Cotton* and concluded that "the Clean Water Rule effectively requires [the plaintiff] to obtain

additional permits, and it therefore falls within the scope" of subsection (F)).  Based in part on that conclusion, the *Murray* court granted the defendants' motion to dismiss for lack of subject-matter jurisdiction, concluding that "exclusive jurisdiction . . . resides in the Sixth Circuit."  *Murray*, 2015 WL 5062506, at *6.

In light of these decisions, the Court concludes that the Clean Water Rule falls within the scope of 33 U.S.C. § 1369(b)(1)(F).  Although the Rule is definitional and does not directly issue or deny permits, the parties agree that it substantially affects permitting under the Clean Water Act.  As such, it falls within the broad scope of subsection (F), which grants jurisdiction to the federal courts of appeals.  Such jurisdiction is exclusive.  33 U.S.C. § 1369(b)(2); *Decker*, 133 S. Ct. at 1334; *see also Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013).  Thus, this Court lacks subject-matter jurisdiction over this lawsuit.[1]

## III.   Prudential Considerations

Finally, the Court notes that the Eighth Circuit has followed the Supreme Court in recognizing "a general policy that duplicative litigation in federal courts should be avoided."  *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

---

[1]     Defendants also argue that:  (1) the Clean Water Rule falls within the scope of 33 U.S.C. § 1369(b)(1)(E); and (2) this Court lacks subject-matter jurisdiction because the Sixth Circuit's decision in *In re Dep't of Def.*, 817 F.3d at 274-75, is binding on the Court.  Because the Court finds that the Clean Water Rule falls within the scope of 33 U.S.C. § 1369(b)(1)(F), it declines to rule on Defendants' alternative arguments.

800, 817 (1976)) (emphasis omitted).  In *Nixon*, the plaintiff had "substantially identical" lawsuits pending in a federal district court and a federal court of appeals, and the Eighth Circuit dismissed the appeal.  *Id.* at 951-52, 956.  In so doing, the court "discern[ed] a prudential limitation on the exercise of federal jurisdiction"; namely, "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."  *Id.* at 954.

This case is similar to *Nixon*.  If the lawsuit in this Court were allowed to proceed, Plaintiffs would have substantially identical lawsuits pending in this Court and in the Sixth Circuit.  Thus, even if the Clean Water Rule did not fall within the scope of 33 U.S.C. § 1369(b)(1), this Court would decline to exercise its jurisdiction for prudential reasons, including judicial economy.

## CONCLUSION

Because the Sixth Circuit has exclusive jurisdiction to hear challenges to the Clean Water Rule, this Court lacks subject-matter jurisdiction over this case.  As such, dismissal without prejudice is appropriate.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. No. [34]) is **GRANTED**.

2.     Plaintiffs' Amended Complaint (Doc. No. [15]) is **DISMISSED**

**WITHOUT PREJUDICE**.

     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 8, 2016               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge